IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Troy Wingfield, ) | C.A. No.:  3:25-cv-11648-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **C O M P L A I N T** |
| ) | |
| United of Omaha Life Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Lexington, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Lexington County, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits from the Defendant ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.  Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until November 2024, Plaintiff was employed with Still Hopes Episcopal Retirement Community and as an employee of Still Hopes Episcopal Retirement Community Plaintiff was provided with long term disability coverage via a plan which was fully insured by Defendant. Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which he suffered. Plaintiff was forced to cease working and he filed a claim for long term disability benefits with the plan.

VI.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial and attempted to fully exhaust administrative remedies. Defendant has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it failed to allow a reasonable time period for Plaintiff to submit, and for Defendant to consider, important evidence Plaintiff intended to provide in support of his appeal. Defendant issued a final decision denying Plaintiff's claim, but Defendant did not allow Plaintiff a reasonable period of time to review

the administrative record and gather and submit evidence in support of his claim in violation of 29 C.F.R. § 2560.503-1.  Defendant refused to provide Plaintiff a full and fair review.

VII.

Defendant made its claim decision while operating under a conflict of interest which significantly influenced it to deny Plaintiff's claim and to refuse to consider important evidence provided by Plaintiff.  The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process.  Instead, the decision was reached by deliberately refusing to consider relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.  Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to a remand of his claim to Defendant for a full and fair review.  Plaintiff tried to submit the evidence he wished to have considered, but

Defendant failed to allow Plaintiff a reasonable period to do so.  Also, the court should conduct a *de novo* review of Plaintiff's claim including documents the plan administrator alleges it did not consider because the plan administrator's refusal to consider the information was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a remand of his claim back to Defendant for Defendant to conduct a full and fair review of his claim for long term disability benefits, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #:  12007
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605

                                                  (864) 242-6200  
                                                  (864) 233-0290 (facsimile)  
                                                  E-mail:  mllouzri@fosterfoster.com

Date: <u>August 28, 2025</u>                          Attorneys for Plaintiff