

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| TROY WINGFIELD,<br>        Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 3:25-11648-MGL |
| UNITED OF OMAHA LIFE INSURANCE<br>COMPANY,<br>        Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

## I.    INTRODUCTION

Plaintiff Troy Wingfield brings this suit against Defendant United of Omaha Life Insurance Company contesting the denial of his claim for long-term disability benefits.  The benefits plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and its accompanying regulations.  This Court has jurisdiction under 29 U.S.C. § 1131(e).

Before the Court is Wingfield's motion to remand for reconsideration by United Omaha. United Omaha filed a response to the motion.  Having carefully reviewed the motion, the response, the record, and the applicable law, the Court will deny the motion.

## II.    FACTUAL AND PROCEDURAL HISTORY

Accepting the facts alleged in Wingfield's complaint as true, he was employed at Still Hopes Episcopal Retirement Community until November 2024, and he "was provided with long

term disability coverage via a plan which was fully insured by Defendant." Complaint ¶ IV. He filed a claim with United Omaha for long-term disability benefits after he "became disabled because of certain problems which he suffered." Complaint ¶ V.

United Omaha denied Wingfield's claim, and he "appealed the denial [internally] and attempted to fully exhaust administrative remedies." Complaint ¶ VI. According to Wingfield, United Omaha has "refused to allow Plaintiff to meaningfully exhaust administrative remedies because it failed to allow a reasonable time period for Plaintiff to submit, and for Defendant to consider, important evidence Plaintiff intended to provide in support of his appeal." *Id.*

Wingfield filed this suit seeking to recover benefits under 29 U.S.C. § 1132(a)(1)(B). Complaint ¶ IX. He asserts, "Plaintiff is entitled to a remand of his claim to Defendant for a full and fair review." *Id.*

In Wingfield's motion to remand, he identifies the following relevant dates. His initial claim under the plan was denied on June 24, 2025. Motion at 2. On July 28, 2025, he appealed the decision within United Omaha through his counsel. Motion at 3. Counsel's letter to United Omaha seeking appeal stated, "I do not wish for you to complete the review until I am able to submit to you all of Mr. Wingfield's medical records." *Id.* The letter indicated counsel was "in the process of obtaining his medical records and [was] at the mercy of various physicians' offices." *Id.*

On August 13, 2025, Wingfield requested a thirty-day extension for his submission of records. Motion at 4. United Omaha "completely ignored" the extension request. Motion at 6. It issued the "final denial letter" on August 15, 2025. Motion at 5. Wingfield argues this time period deprived him of a reasonable opportunity to provide supporting documentation related to his claim, as ERISA requires.

The subject policy provides coverage after the insured "satisf[ies] the Elimination Period." Response, Ex. C.  The Elimination Period "means the number of days of Disability which must be satisfied before [the insured is] eligible to receive benefits."  Motion, Ex. F. at 2.  The plan qualifies the insured as "Disabled" only if she is "prevented from performing at least one of the Material Duties" of her regular job "during the Elimination Period."  Motion, Ex. F. at 1.  As relevant here, the Elimination Period is "90 calendar days," and it "begins on the first day of Disability." Response, Ex. C.

United Omaha states Wingfield was out of work due to his medical condition from November 19, 2024, until he returned to work on January 6, 2025.  Response at 1.  Accordingly, in United Omaha's view, because Wingfield was out of work for only forty-nine days, the "Elimination Period [in the policy] was never satisfied to entitle him to qualify for benefits." Response at 2.

## III.    LEGAL STANDARD

In an ERISA case, remand to the plan administrator is "most appropriate 'where the plan itself commits the trustees to consider relevant information which they failed to consider . . . .'" *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 609 (4th Cir. 1999) (quoting *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir. 1985)).  This Court can remand a case for reconsideration by a plan administrator in its discretion.  *Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 362 (4th Cir. 2008) ("[W]e review a district court's decision whether to remand for abuse of discretion." (quoting *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994))).

## IV.    DISCUSSION AND ANALYSIS

ERISA requires covered plans to "afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 235 (4th Cir. 2008) (quoting 29 U.S.C. § 1133 (2008)).  By regulation, "a 'full and fair review' includes the opportunity for the claimant to appeal the adverse benefits determination and to submit written comments or records."  *Id.* (citing 29 C.F.R. § 2560.503-1(h)(1)-(2)).

Wingfield suggests the swift denial of his appeal—"a mere 18 days after [he] appealed"— denied him a reasonable opportunity to present documentation in support of his claim.  Motion at 8.  United Omaha insists, however, this potential procedural fault is unimportant because "the denial here exclusively involved a determination of whether Plaintiff remained eligible for benefits."  Response at 1.  Thus, according to United Omaha, it is irrelevant "whether he was medically disabled under the Policy," which is the point on which Wingfield seeks to provide additional evidence.  Response at 2.

In *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228 (4th Cir. 1997), the Fourth Circuit considered, among other things, whether the plan administrator there—MetLife—complied with ERISA regulations requiring "specific references to the reasons for the decision."  126 F.3d at 237.  The decision on review had failed to do so.  *Id.*  The Court nonetheless declined to conclude "Ellis did not receive a full and fair review" because "there must be a causal connection between these defects and the final denial of a claim."  126 F.3d at 238.

In *Ellis*, the plaintiff argued MetLife should have provided her with an analysis created by doctors reviewing her claim.  126 F.3d at 238.  Had it done so, she could have known those doctors thought additional "evaluations by psychologists or psychiatrists" could assist her.  *Id.*  Despite

MetLife failing to so inform her, she nonetheless was evaluated by psychologists and psychiatrists, so "she acquired that evidence independently." *Id.* Thus, "she was not prejudiced" when MetLife failed to provide the report, and the substance of MetLife's decision was sound regardless of the procedural shortcoming. *Id.*

Here, United Omaha has maintained—and consistently stated to Wingfield—it denied his claim because the plan excluded him from coverage as he was out of work for too short a time and thus failed to satisfy the Elimination Period provided by the plan. In the initial denial dated June 24, 2025, United Omaha wrote: "In summary, since you returned to work full time . . . on January 6, 2025, with no loss in earnings, you do not satisfy the policy definition of disability." Motion Ex. A at 2.

After Wingfield appealed the denial in writing and requested time to obtain other medical records, United Omaha again explained: "Please note that Mr. Wingfield's Long Term Disability claim was denied unrelated to medical reasons, but rather due to a failure to meet policy provisions." Motion Ex. C.

Finally, in the denial of his appeal United Omaha again informed him he failed to satisfy the Elimination Period and thus was excluded from coverage. Motion Ex. F at 4 ("Mr. Wingfield was no longer considered Disabled as defined by the policy as of January 6, 2025, when he returned to work full-time in his Regular Occupation performing his Material Duties with no loss in earnings."). It also acknowledged his request for time to "gather[] materials," yet Wingfield offered "[n]o explanation" as to how those materials "may be relevant to the denial of the claim given this was not a medical decision denial." Motion Ex. F at 4.

As the above letters demonstrate, United Omaha denied Wingfield's claim for a consistent reason: he was out of work for too little time to qualify for long-term disability benefits under the

plan. Wingfield has failed to explain in any way how additional medical records could have altered this analysis.

For these reasons, Wingfield "was not prejudiced," *Ellis*, 126 F.3d at 238, when United Omaha failed to provide him more time to submit additional medical documentation. Additional medical records would be without effect, so Wingfield has failed to identify—in any way— "relevant information" United Omaha "failed to consider.'" *Elliott*, 190 F.3d at 609 (quoting *Berry*, 761 F.2d at 1008). Thus, remand "would be pointless," *Ellis*, 126 F.3d at 238, and the Court will deny the motion.

It is unnecessary to determine if United Omaha provided Wingfield with a sufficient opportunity in which to provide supporting documentation, as required by regulation.

## V.    CONCLUSION

For the reasons stated above, Wingfield's motion to remand is **DENIED**. This case is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 6th day of August, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE